Case: 1:09-cv-01617 Document #: 1-2 Filed: 03/16/09 Page 1 of 11 PageID #:3

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (8/01/08) CCG N001 |

JUDGE ANDERSEN
MAGISTRATE JUDGE ASHMAN
BR

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _LAW_ DIVISION 2009L002431

CALENDAR/ROOM E
TIME 00:00
No. PI Other

CASSANDRA ARNOLD, et.al.,
(Name all parties)
v.
CITY OF CHICAGO, et.al

PLEASE SERVE:
CITY OF CHICAGO
121 N. LaSALLE STREET
ROOM 600
CHICAGO, ILLINOIS 60602

## SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602.

☐ District 2 - Skokie  
5600 Old Orchard Rd.  
Skokie, IL 60077

☐ District 3 - Rolling Meadows  
2121 Euclid  
Rolling Meadows, IL 60008

☐ District 4 - Maywood  
1500 Maybrook Ave.  
Maywood, IL 60153

☐ District 5 - Bridgeview  
10220 S. 76th Ave.  
Bridgeview, IL 60455

☐ District 6 - Markham  
16501 S. Kedzie Pkwy.  
Markham, IL 60426

☐ Child Support  
28 North Clark St., Room 200  
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 53310  
Name: Staes & Scallan, P.C.  
Atty. for: Cassandra Arnold  
Address: 111 W. Washington, Suite #1631  
City/State/Zip: Chicago, Illinois 60602  
Telephone: (312) 201-8969

WITNESS, FEB 27 2009

Clerk of Court

Date of service: 3/6/09
(To be inserted by officer on copy left with defendant or other person)

Service by Facsimile Transmission will be accepted at: _____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| CASSANDRA ARNOLD, individually and as Special Administrator of the Estate of MARTINEZ WINFORD, now deceased, | ) ) ) ) ) | 2009L002431 CALENDAR/ROOM E TIME 00:00 PI Other |
| Plaintiff, | ) ) | |
| v. | ) ) | Plaintiff demands trial by jury |
| THE CITY OF CHICAGO, a Municipal Corporation; and Unknown Chicago Police Officers JOHN DOES 1 through 10, each an individual. | ) ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT

Plaintiff, Cassandra Arnold, for her Complaint against Defendants, states:

### STATEMENT OF THE CASE

1. This action seeks compensatory and punitive damages plus the cost of the action and attorneys' fees for Civil Rights violations committed by the Defendants under color of law, which deprived Plaintiff and Plaintiff's decedent of rights secured under the Constitution and laws of the United States and the State of Illinois.

### JURISDICTION AND VENUE

2. Venue and jurisdiction in this Court are proper pursuant to Article VI, Section 9 of the Illinois Constitution and 735 ILCS 5/2-101 because Cook County is the county of residence of at least some of the defendants and is also the county in which the transaction or

1

some part thereof occurred out of which this cause of action arises.

## PARTIES

3.      At all relevant times, Plaintiff was the mother of the decedent and a resident of the Cook County, Illinois.

4.      At all times herein relevant, the decedent, Martinez Winford ("Winford") was a 16 year-old, African American male and a resident of Cook County, Illinois.

5.      Defendant the City of Chicago is local public entity under the laws of the State of Illinois, and is the employer of the Defendants, Unknown Chicago Police Officers Does 1 through 10.

6.      Defendants, Unknown Chicago Police Officers Does 1 through 10 were, at all relevant times, employees of the City of Chicago and are being sued in their official and individual capacities. The names of Does 1 through 10 are not now known by plaintiff.

## FACTUAL BACKGROUND

7.      On August 22, 2008, at approximately 7:45 p.m., Winford was lawfully present near the intersection of East 89th Street and South Langley Avenue in Chicago, Illinois.

8.      Also present at that time and location were Defendants Unknown Chicago Police Officers Does 1 though 10 in their capacity as Chicago Police officers.

9.      Thereafter, one or more of Defendants Unknown Chicago Police Officers Does 1 though 10 discharged their service weapons one or more times, striking Winford in his body one or more times.

10.     As a direct and proximate result of the officers' conduct, Winford sustained

2

severe bodily injury, resulting in his death.

11. Efforts by Plaintiff and Plaintiff's counsel to obtain additional information concerning the events described above have been unsuccessful.

12. Attached hereto as Exhibit 1 is a true and accurate copy of a request for information concerning the events above that was submitted to the Independent Police Review Authority on October 2, 2008. The Independent Police Review Authority provided no information in response to this request.

13. Additional inquiries were submitted to the Independent Police Review Authority on December 23, 2008 and February 5, 2009.

14. The December 23, 2008 and February 5, 2009 requests likewise yielded no responsive information, other than Plaintiff's counsel being told that there was an ongoing investigation, that its completion date was unknown, and that interim requests for information would be refused.

### COUNT I
### 42 U.S.C. § 1983 - Excessive Force
### (Against Defendants Unknown Chicago Police Officers Does 1 through 10)

15. Plaintiff realleges and incorporates by reference Paragraphs 1-14 of the Complaint.

16. In performing their functions, Defendants Unknown Chicago Police Officers Does 1 through 10 had a duty to exercise ordinary care to avoid causing injury to Winford.

17. Notwithstanding their duty, Defendants Unknown Chicago Police Officers Does 1 through 10:

    a. willfully and wantonly fired one or more gunshots at Winford without

3

    justification;

 b. wilfully and wantonly used deadly force against Winford without proper justification; and

 c. wilfully and wantonly committed other acts and omissions that resulted in harm to Winford.

18. The unlawful and malicious conduct of Defendants Unknown Chicago Police Officers Does 1 through 10 deprived Winford of his life and liberty without due process of law and deprived him equal protection of the law, in violation of the Fourteenth Amendment of the Constitution of the United States of American and 42 U.S.C. §1983.

19. As a direct and proximate result of the acts of Defendants Unknown Chicago Police Officers Does 1 through 10, Plaintiff's decedent, Martinez Winford sustained severe injuries, resulting in his death.

WHEREFORE, Plaintiff asks that this Court:

 a. Enter judgment against Defendants Unknown Chicago Police Officers Does 1 through 10 ;

 b. Award compensatory and punitive damages in an amount in excess of $50,000, to be determined at trial;

 c. Award plaintiff's attorney's fees and costs; and

 d. Award such other and additional relief that this Court deems just and equitable.

## COUNT II
### Wrongful Death
### (Against All Defendants)

20. Plaintiff realleges and incorporates by reference Paragraphs 1-19 of the Complaint.

21. At all relevant times, there was in full force and effect in the State of Illinois, the Wrongful Death Act, 740 ILCS 180/1-2.

22. Cassandra Arnold is the Special Administrator of the Estate of Martinez Winford, deceased, for the purpose of prosecuting this action.

23. The decedent, Martinez Winford, left surviving him Cassandra Arnold, his mother, Damauri Feazell, his brother, as well as his infant daughter, Myiaa Williams.

24. As a direct and proximate result of the foregoing willful and wanton acts of Defendants Unknown Chicago Police Officers Does 1 through 10, the survivors of Martinez Winford have suffered pecuniary loss as result of his death including, but not limited to loss of society, companionship, felicity, guidance, attention, advice, training, instruction, love, affection and any and all other elements of loss of consortium.

WHEREFORE, Plaintiff asks that this Court:

    a. Enter judgment against Defendants the City of Chicago and Unknown Chicago Police Officers Does 1 through 10;

    b. Award compensatory damages in an amount in excess of $50,000, to be determined at trial;

    c. Award Plaintiff's attorney's fees and costs; and

    d. Award such other and additional relief that this Honorable Court deems

just and equitable.

## COUNT III
## Assault
## (Against All Defendants)

25. Plaintiff realleges and incorporates by reference Paragraphs 1-24 of the Complaint.

26. In acting in the manner described above, Defendants Unknown Chicago Police Officers Does 1 through 10 intentionally and unlawfully inflicted corporal injury on Winford by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril

27. The Defendants Unknown Chicago Police Officers Does 1 through 10 had the apparent present ability to effectuate the attempt if not prevented.

28. By the foregoing act, the Defendants Unknown Chicago Police Officers Does 1 through 10 assaulted Winford.

29. Defendants Unknown Chicago Police Officers Does 1 through 10's conduct was willful, wanton, malicious and in reckless disregard of Winford's rights.

30. As a direct and proximate result of the aforesaid acts of Defendants Unknown Chicago Police Officers Does 1 through 10, Plaintiff's decedent, Martinez Winford, suffered injury. This Count is brought pursuant to the Illinois Survival Act, 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiff asks that this Court:

    a. Enter judgment against Defendants the City of Chicago and Unknown Chicago Police Officers Does 1 through 10;

    b.    Award compensatory damages in an amount in excess of $50,000, to be determined at trial;

    c.    Award Plaintiff's attorney's fees and costs; and

    d.    Award such other and additional relief that this Honorable Court deems just and equitable.

**COUNT IV**
**Battery**
**(Against All Defendants)**

31.    Plaintiff realleges and incorporates by reference Paragraphs 1-30 of the Complaint.

32.    The conduct above of Defendants Unknown Chicago Police Officers Does 1 through 10 willfully caused Winford to be touched without his consent.

33.    The foregoing acts of Defendants Unknown Chicago Police Officers Does 1 through 10 battered Winford.

34.    The conduct of Defendants Unknown Chicago Police Officers Does 1 through 10 was willful, wanton, malicious and in reckless disregard of Winford's rights.

35.    As a direct and proximate result of the aforesaid acts of Defendants Unknown Chicago Police Officers Does 1 through 10, Plaintiff's decedent, Martinez Winford, suffered severe injury, resulting in his death. This Count is brought pursuant to the Illinois Survival Act, 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

WHEREFORE, Plaintiff asks that this Court:

    a.    Enter judgment against Defendants the City of Chicago and Unknown Chicago Police Officers Does 1 through 10;

      b.      Award compensatory damages in an amount in excess of $50,000, to be determined at trial;

      c.      Award Plaintiff's attorney's fees and costs; and

      d.      Award such other and additional relief that this Honorable Court deems just and equitable.

## COUNT V
### Indemnification

36. Plaintiff realleges and incorporates by reference Paragraphs 1-35 of the Complaint.

37. The foregoing acts of Defendants Unknown Chicago Police Officers Does 1 through 10 were willful and wanton and committed in the scope of their employment.

38. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant the City of Chicago is liable for any judgments in this case arising from the actions of Defendants Unknown Chicago Police Officers Does 1 through 10.

WHEREFORE, Plaintiff asks that this Court order Defendant the City of Chicago to indemnify Defendants Unknown Chicago Police Officers Does 1 through 10 for any judgment entered in this case arising from the actions of Defendants Unknown Chicago Police Officers Does 1 through 10.

### JURY DEMAND
Plaintiff demands a trial by jury.

8

Respectfully submitted,

*[signature]*

Andrew Staes
Stephen Scallan
Michael Cohen

Staes & Scallan, P.C.
111 West Washington Street
Suite 1631
Chicago, IL 60602
Tel: 312-201-8969
Fax: 312-201-9233

9

LAW OFFICES
## STAES & SCALLAN, P.C.
SUITE 1631
111 W. WASHINGTON STREET
CHICAGO, ILLINOIS 60602
www.staesandscallan.com

ANDREW STAES
STEPHEN SCALLAN
MICHAEL COHEN

TELEPHONE
(312) 201-8969

FACSIMILE
(312) 201-9233

October 2, 2008

by fax (312) 745-3591

Ms. Ilana B.R. Rosenzweig
Chief Administrator
Independent Police Review Authority
10 W. 35th Street
Suite 1200
Chicago, IL 60616

**Re: Martinez Winford**

Dear Ms. Rosenzweig:

Cassandra Arnold has provided me with a copy of your August 26, 2008 letter regarding the August 22 fatal shooting of her son, Martinez Winford. Given the family's obvious interest in understanding what occurred that night, I would appreciate being provided with copies of the police reports and any other materials reflective of the events. Also, please preserve all telephone records and tapes of 911 calls on that day, witness statements, and surveillance tapes.

Very truly yours,

Andrew Staes

EXHIBIT
1