IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| CASSANDRA ARNOLD, individually and as Special Administrator of THE ESTATE OF MARTINEZ WINFORD, now deceased,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF CHICAGO, a Municipal Corporation and CHICAGO POLICE OFFICERS ZACHARY RUBALD and MIGUEL ROMERO,<br><br>Defendants. | 09 C 1617<br><br>**Plaintiff demands trial by jury**<br><br>Judge Andersen |

## AMENDED COMPLAINT

Plaintiff, Cassandra Arnold, individually and as Special Administrator for the Estate of Martinez Winford, and against Defendants, the City of Chicago and Chicago Police Officers Zachary Rubald and Miguel Romero (the "Defendant Officers"), states as follows:

### STATEMENT OF THE CASE

1. This action seeks compensatory and punitive damages plus the cost of the action and attorneys' fees for Civil Rights violations committed by the Defendant Officers under color of law, which deprived Plaintiff and Plaintiff's decedent of rights secured under the Constitution and laws of the United States and the State of Illinois.

### JURISDICTION AND VENUE

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and

1

venue is proper pursuant to 28 U.S.C. § 1391(b). The events giving rise to the claims asserted herein occurred within this judicial district and, upon information and belief, all parties reside in this district.

## PARTIES

3. At all relevant times, Plaintiff was the mother of the decedent and a resident of Cook County, Illinois.

4. At all times herein relevant, Martinez Winford was a 16 year-old, African American male and a resident of Cook County, Illinois.

5. Defendant the City of Chicago is local public entity under the laws of the State of Illinois, and is the employer of the Defendant Officers.

6. Defendant Zachary Rubald ("Officer Rubald") was, at all relevant times, employed as a police officer, star number 14540, by the City of Chicago.

7. Defendant Miguel Romero ("Officer Romero") was, at all relevant times, employed as a police officer, star number 13339, by the City of Chicago.

## FACTUAL BACKGROUND

8. On or about August 22, 2008, Winford was lawfully present near the intersection of East 89th Street and South Langley Avenue in Chicago, Illinois.

9. At approximately 7:45 p.m., Officer Rubald shot Winford.

10. Officer Rubald used inappropriate, unwarranted, and unjustifiable force against Winford. Specifically, Officer Rubald shot him without lawful cause or justification. Following the shooting, Officer Rubald falsely accused Winford of having engaged in conduct that justified

2

the killing.

11. As a result of Officer Rubald's unlawful use of force, Winford suffered pain for approximately 45 minutes, during which he fought for his life. However, the gunshot wound inflicted by Officer Rubald led to Winford's untimely death.

12. Officer Romero aided and abetted the unlawful use of force against Winford and thereafter falsely accused Winford of having engaged in conduct that justified the killing. At and immediately before the time that Officer Rubald shot Winford, Officer Romero was aware that the circumstances did not warrant use of such force. Officer Romero, however, did nothing to prevent or even discourage Rubald's unauthorized conduct. Instead, Plaintiff is informed and believes that Romero assisted and encouraged Officer Rubald and further facilitated Rubald's conduct by positioning their squad car such that Romero was able to shoot Winford from it.

## COUNT I
### 42 U.S.C. § 1983 - Excessive Force

13. Plaintiff realleges and incorporates by reference Paragraphs 1-12 of the Amended Complaint.

14. As described in the preceding paragraphs, the conduct of the Defendant Officers, acting under the color of law, constituted excessive force in violation of the United States Constitution.

15. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Winford's constitutional rights.

16. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

17. As a result of the Defendant Officers' unjustified and excessive use of force, as well as the City of Chicago's policies and practice, Winford experienced conscious pain and suffering and Plaintiff has suffered injury and emotional distress, including loss of society, felicity, guidance, attention, advice, training, instruction, love and affection.

18. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a. As a matter of both policy and practice, the Chicago Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar conduct, thereby leading Chicago Police Officers to believe that their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff; specifically, Chicago Police Officers accused of excessive force can be confident that the Independent Police Review Authority will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

e. The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f. As a matter of express policy, the City of Chicago does not retain any records which are more that five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

g. As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. In other words, if a police officer is accused of the same sort of misconduct twenty times in a row, the Independent Police Review Authority is forbidden by the City from considering those allegations if they are deemed unsustainable; and

h. The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against police officers for violations of civil rights.

### COUNT II
### Wrongful Death - Intentional Battery

19. Plaintiff realleges and incorporates by reference Paragraphs 1-18 of the Amended

5

Complaint.

20. At all relevant times, there was in full force and effect in the State of Illinois, the Wrongful Death Act, 740 ILCS 180/1-2.

21. Cassandra Arnold is the Special Administrator of the Estate of Martinez Winford, deceased, for the purpose of prosecuting this action.

22. The decedent, Martinez Winford, left surviving him Cassandra Arnold, his mother, Damauri Feazell, his brother, as well as his infant daughter, Myiah Williams.

23. As described more fully in the preceding paragraphs, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Winford.

24. The Defendant Officers' actions were undertaken intentionally, willfully and wantonly, and were the proximate cause of Winford's great bodily harm and death, as well as Plaintiff's great pain and suffering.

25. The misconduct described in this Count was undertaken with intentional disregard of Winford's rights.

26. As a result of the Defendant Officers' actions, the Estate has suffered injury, including loss of society, felicity, guidance, attention, advice, training, instruction, love and affection.

## COUNT III
### Wrongful Death - Reckless Battery

27. Plaintiff realleges and incorporates by reference Paragraphs 1-26 of the Amended Complaint.

28. At all relevant times, there was in full force and effect in the State of Illinois, the

Wrongful Death Act, 740 ILCS 180/1-2.

29.  Cassandra Arnold is the Special Administrator of the Estate of Martinez Winford, deceased, for the purpose of prosecuting this action.

30.  The decedent, Martinez Winford, left surviving him Cassandra Arnold, his mother, Damauri Feazell, his brother, as well as his infant daughter, Myiah Williams.

31.  As described more fully in the preceding paragraphs, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Winford.

32.  The Defendant Officers' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

33.  The Defendant Officers' actions proximately caused Winford great bodily harm and death, as well as Plaintiff's great pain and suffering.

34.  As a result of the Defendant Officers' actions, the Estate has suffered injury, including loss of society, felicity, guidance, attention, advice, training, instruction, love and affection.

## COUNT IV
### Survival Action - Intentional Battery

35.  Plaintiff realleges and incorporates by reference Paragraphs 1-34 of the Amended Complaint.

36.  As described more fully in the preceding paragraphs, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Winford.

37.  The Defendant Officers' actions were undertaken intentionally, willfully and wantonly.

38. The Defendant Officers' actions proximately caused Winford great bodily harm, pain and suffering, and then death.

39. The misconduct described in this Count was undertaken with intentional disregard for Winford's rights.

40. As a result of the Defendant Officers' actions, Winford experienced conscious pain and suffering.

41. This Count is brought pursuant to the Illinois Survival Act, 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

## COUNT V
### Survival Action - Reckless Battery

42. Plaintiff realleges and incorporates by reference Paragraphs 1-41 of the Amended Complaint.

43. As described more fully in the preceding paragraphs, the actions of the Defendant Officers constituted offensive physical contact made without the consent of Winford.

44. The Defendant Officers' actions were undertaken willfully, wantonly, and with reckless indifference or conscious disregard for the safety of others.

45. The Defendant Officers' actions proximately caused Winford great bodily harm, pain and suffering, and then death.

46. The misconduct described in this Count was undertaken in reckless disregard of Winford's rights.

47. As a result of the Defendant Officers' actions, Winford experienced conscious pain and suffering.

48. This Count is brought pursuant to the Illinois Survival Act, 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

## COUNT VI
### Survival Action - Assault

49. Plaintiff realleges and incorporates by reference Paragraphs 1-48 of the Amended Complaint.

50. As described more fully in the preceding paragraphs, the Defendant Officers intentionally and unlawfully inflicted corporal injury on Winford by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril

51. The Defendant Officers had the apparent present ability to effectuate the attempt if not prevented.

52. By the foregoing acts, the Defendant Officers assaulted Winford.

53. The Defendant Officers' conduct was willful, wanton, malicious and in reckless disregard of Winford's rights.

54. As a direct and proximate result of the aforesaid acts of the Defendant Officers, Plaintiff's decedent, Martinez Winford, suffered injury.

55. This Count is brought pursuant to the Illinois Survival Act, 735 ILCS 5/13-209 and 755 ILCS 5/27-6.

## COUNT VII
### Respondeat Superior

56. Plaintiff realleges and incorporates by reference Paragraphs 1-55 of the Amended Complaint.

57. In committing the acts alleged in the preceding paragraphs, the Defendant Officers

9

were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of their employment.

58. Defendant City of Chicago is liable, as principal, for all torts committed by its agents.

## COUNT VIII
### Indemnification

59. Plaintiff realleges and incorporates by reference Paragraphs 1-58 of the Amended Complaint.

60. The foregoing acts of the Defendant Officers were willful and wanton and committed in the scope of their employment.

61. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is directed to pay any tort judgment for compensatory damages in this case arising from the actions of the Officer Defendants.

WHEREFORE, Plaintiff, Cassandra Arnold, individually and as Special Administrator of the Estate of Martinez Winford, now deceased, respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendants, City of Chicago and Chicago Police Officers Zachary Rubald and Miguel Romero, awarding compensatory damages, costs and attorneys' fees, and punitive damages against the Defendant Officers in their individual capacities for both Plaintiff's federal and state causes of action as well as any other and further relief that this Court deems just and reasonable.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

Andrew Staes
Stephen Scallan
Michael Cohen

Staes & Scallan, P.C.
111 West Washington Street
Suite 1631
Chicago, IL 60602
Tel: 312-201-8969
Fax: 312-201-9233

## CERTIFICATE OF SERVICE

I, Andrew Staes, hereby certify that I have caused a copy of the foregoing Amended Complaint to be served upon:

Naomi Ann Avendano
Corporation Counsel's Office
30 N. LaSalle Street
Room #1020
Chicago, Illinois 60602

Kathleen Dolores Manion
Corporation Counsel's Office
30 N. LaSalle Street
Room #800
Chicago, Illinois 60602

via Electronic filing on April 15, 2009.

_____
ANDREW STAES