**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CASSANDRA ARNOLD, | ) | |
| | ) | |
| Plaintiff, | ) | 09 C 1617 |
| | ) | |
| v. | ) | Hon. James B. Zagel |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION**
**REGARDING PENDING MOTION TO BAR TESTIMONY OF JOHN LARSEN**

Defendants City of Chicago, Officer Zachary Rubald and Officer Miguel Romero submit the following response to Plaintiff's motion:

Discovery in this case has been closed since 2011, and Plaintiff's expert disclosures were due in 2012. Now, more than two years after the close of discovery, Plaintiff seeks to introduce a brand-new witness.

Defendants moved to bar the testimony of John Larsen, Plaintiff's proposed crime scene reconstruction expert. The Court recently granted one aspect of Defendants' motion, and took the portion of the motion pertaining to bullet trajectory under advisement to give Plaintiff an opportunity to re-depose medical examiner Dr. Michele Jorden.

Plaintiff's latest filing indicates that she does not intend to re-depose Dr. Jorden, and instead proffers a newly-acquired doctor's opinion to rebut the findings of the medical examiner who performed the autopsy of Mr. Winford. Plaintiff never disclosed Dr. Teas in her expert disclosures required by Fed. R. Civ. P. 26. Based solely on that doctor's affidavit, Plaintiff asks the Court to deny the remainder of Defendants' motion out of hand. The Court should not deny the remainder of Defendants' motion for the following two reasons:

1. Before proceeding with the remainder of the motion to bar Mr. Larsen, Defendants first need to depose the newly-disclosed Dr. Teas to determine whether his opinions are reliable and admissible. Dr. Teas' opinion can only provide a basis for Mr. Larsen's opinion if it is itself reliable pursuant to Fed. R. Evid. 702.

2. The remainder of Defendants' motion to bar is not limited solely to the fact that Mr. Larsen erroneously believed that the bullet never struck bone. Defendants' motion also objects to other unreliable and irrelevant aspects of Mr. Larsen's bullet trajectory opinions. Dr. Teas' opinion, even if accepted wholesale, does not cure the methodological flaws in Mr. Larsen's remaining opinions.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Court deny Plaintiff's motion and award any further relief it deems necessary and just.

Dated: December 16, 2013

Respectfully submitted,

/s/ Lindsay Wilson Gowin
Counsel for Defendants

30 N. LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-6423
(312) 744-6566 (FAX)
ARDC No. 6284270

**CERTIFICATE OF SERVICE**

I hereby certify that I have served this notice and the attached document to all counsel of record by causing it to be filed via ECF on December 16, 2013.

/s/ Lindsay Wilson Gowin