IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CASSANDRA ARNOLD, individually and as Special Administrator of THE ESTATE OF MARTINEZ WINFORD, now deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | 09 C 1617 |
| v. | ) ) | Judge Zagel |
| THE CITY OF CHICAGO, a Municipal Corporation and CHICAGO POLICE OFFICERS ZACHARY RUBALD and MIGUEL ROMERO, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**PLAINITFF'S MOTIONS IN LIMINE**

Plaintiff Cassandra Arnold, moves *in limine* pursuant to the Federal Rules of Evidence to preclude Defendants, their witnesses and/or counsel from offering at trial evidence or argument relating to or referencing the following topics:

**I.     Bar Evidence, Testimony, And Argument Concerning Any Firearms or Firearms-Related Evidence Other Than That Concerning Any Firearm Defendants Possessed Or Mr. Winford Allegedly Possessed On the Night of August 22, 2008**

Defendants have disclosed that they may attempt to introduce evidence, testimony, or argument concerning firearms and firearms-related evidence other than that concerning firearms possessed by the Defendant officers or allegedly possessed by Mr. Winford on the night of August 22, 2008. Examples of this intention include Defendants' expert, Mr. Hueske's, expert report which contains a discussion of cartridge cases found at 600 E. 87th Place, bullet holes found in walls at 800 E. 87th Place, and a Colt 25 auto pistol found under the radiator at 651 E.

1

89th Place. Exhibit 1, Hueske Report at p. 5. Mr. Hueske also discusses "other firearms and fired ammunition components...consistent with the 'shots fired' call that precipitated the shoot of Mr. Winford[.]" *Id.* at p. 6. The C.P.D. files concerning the subject of this case are also replete with references to firearm, bullets, bullet holes, and cartridges unrelated to the firearms Defendants possessed and Mr. Winford allegedly possessed on August 22, 2008. Indeed, there is no evidence that Mr. Winford discharged a firearm on the night of August 22, 2008 or that he possessed any firearm other than that allegedly found near his body. Further, Defendants have signaled that they call Keywani Evans as a witness, who was charged with possession of a firearm on the night of August 22, 2008.

Any evidence and testimony concerning firearms and firearms-related evidence other than that concerning firearms possessed by the Defendant officers or allegedly possessed by Mr. Winford on August 22, 2008 are not relevant to the legal question of whether Defendant Rubald used unjustifiable force against Mr. Winford under Fed. R. Evid. 401 and 402. And even if there is some marginal relevance to such evidence, Rule 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger" of, among other things, unfair prejudice and misleading the jury. *See* Fed.R.Evid. 403. There is no evidence that Mr. Winford discharged any firearms or possessed any firearms other than the gun that he allegedly possessed at the time he was killed, and all of the evidence is to the contrary. Thus, such evidence has no probative value. Conversely, introduction of such evidence would greatly and unfairly prejudice a jury against Mr. Winford by inferential association. Thus, any evidence, testimony, or argument concerning firearms and firearms-related evidence other than that concerning firearms possessed by the Defendant officers or allegedly possessed by Mr. Winford on the night of August 22, 2008 should be barred.

## II. Bar Evidence, Testimony, And Argument Concerning Any Commendations, Awards, Or Accolades Conferred Upon Defendants Rubald Or Romero

Defendants should be barred from offering any evidence, testimony, or argument concerning any commendations, awards, or accolades conferred upon Defendants Rubald or Romero. Any such commendations, awards, or accolades are irrelevant to the legal issues presented by this case under Fed. R. Evid. 402, unfairly prejudicial under Rule 403, and constitute improper character evidence under Rule 404(b). *See Bruce v. City of Chicago*, 2011 WL 3471074 *12 (N.D.Ill. July, 29, 2011)(barring evidence of defendant police officers' awards and commendations.

Respectfully submitted,

/s Michael Cohen
Andrew Staes
Michael Cohen

Staes & Scallan, P.C.
111 W. Washington St.
Suite 1631
Chicago, IL 60602
(312) 201-8969

# CERTIFICATE OF SERVICE

I, Andrew Staes, hereby certify that I have caused Plaintiffs Motions In Limine to be served upon:

Lindsay Erin Wilson Gowin
City Of Chicago, Department Of Law
Federal Civil Rights Division
30 N. LaSalle Street
Chicago, Illinois 60602
*via ECF filing notification on July 23, 2014.*

/s/ Andrew Staes
ANDREW STAES